IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES EAST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-05-1319-HE |
| ) | |
| HASKELL HIGGINS, Warden, ) | |
| Howard McLeod Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This case is before the court on petitioner's voluntary motion to dismiss his case without prejudice. [Doc. #21]. Respondent has not filed a response to petitioner's motion.

Petitioner, a pro se state prisoner who was convicted of child abuse, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has answered the petition and a Report and Recommendation was issued by Magistrate Judge Robert Bacharach on March 16, 2006.[1] [Doc. #20].

Because an answer to the petition has been filed, Federal Rule of Civil Procedure 41(a)(2) governs petitioner's motion to dismiss.[2] A dismissal under Rule 41(a)(2) is addressed to the sound discretion of the court and is generally granted unless the opposing party will suffer legal prejudice. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997);

---

[1] Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Judge Bacharach for review.

[2] "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

<u>Clark v. Tansy</u>, 13 F.3d 1407, 1411 (10th Cir. 1993). In determining legal prejudice, a court may consider, among other relevant factors, the opposing party's effort and expense in responding to the case, whether there has been an excessive delay and lack of diligence on the part of the petitioner, whether the petitioner's explanation of the need for a dismissal is sufficient, and the present stage of litigation. <u>Ohlander</u>, 114 F.3d at 1537.

In petitioner's motion, he seeks to dismiss his petition in order to exhaust his state remedies. Petitioner has fully exhausted the claims raised in the instant habeas corpus petition.[3] However, it appears from his motion that he is seeking post-conviction relief in state court and wishes to dismiss this action in order to bring all of his claims in one habeas corpus action.

This case was filed on November 10, 2005. Although it is ready for disposition, petitioner states he was unaware of available rules and procedures before filing his habeas corpus petition. As any unexhausted claims would be barred if this case were to go forward,[4] the court concludes petitioner's motion to dismiss should be and is **GRANTED**. However,

---

[3]*Petitioner's conviction and sentence of twelve years and a $2,500 fine were affirmed on direct appeal by the Oklahoma Court of Criminal Appeals. In his petition before this court, he raises two grounds for relief: (1) deprivation of due process through the improper admission of character evidence; and (2) ineffective assistance of trial counsel due to a conflict of interest. These are the same issues petitioner raised in his direct appeal to the Oklahoma Court of Criminal Appeals. Thus, both grounds have been fully exhausted. <u>See, e.g.</u>, <u>Miranda v. Cooper</u>, 967 F.2d 392, 398 (10th Cir. 1992) (exhaustion requirement generally satisfied if "a state appellate court has had the opportunity to rule on the same claim presented in federal court").*

[4]<u>See</u> *28 U.S.C. § 2244(b)(2) (barring second or successive petitions absent limited circumstances). <u>See also</u>, <u>Brown v. Shanks</u>, 185 F.3d 1122, 1125 n.4 (10th Cir. 1999) (by proceeding with only exhausted claims "[p]etitioner runs the risk of having any subsequent habeas petition raising his unexhausted claim dismissed as an abuse of the writ").*

petitioner is reminded of the one year statute of limitations applicable to his claims, see 28 U.S.C. §2244(d), which has not been tolled by the filing of this action. See York v. Galetka, 314 F.3d 522, 524 (10th Cir. 2003) (statutory tolling not available "during the time period a prior federal habeas proceeding is pending") (citing Duncan v. Walker, 533 U.S. 167, 172-82 (2001)).

**IT IS SO ORDERED.**

Dated this 19TH day of April, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE